IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALAN MANCUSO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 08-0582-KD-M |
| | ) |
| EDGEWATER YACHT SALES, L.L.C., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on plaintiff's motion for leave to amend complaint (doc. 19) and the response filed by defendant Edgewater Yacht Sales, L.L.C. (doc. 22). Plaintiff seeks to add as a defendant Luhrs Corporation which is the manufacturer of the subject motor vessel. Defendant Edgewater responds that it does not oppose plaintiff's motion.

At this stage in the proceedings, leave to amend is governed by Rule 15(a)(2) which states that after a responsive pleading to the complaint has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2); <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir.2001).  Although defendant responds that it does not oppose the motion, it has not filed a written consent.  Thus, the court must determine whether leave to amend should be given. <u>Laurie v. Alabama Ct. of Crim. App.</u>, 256 F.3d 1266, 1274 (11th Cir. 2001).

The United States Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227

(1962).  Therefore, the court must have a substantial reason to deny a motion to amend. Laurie, 256 F.3d at 1274.  Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Foman, 371 U.S. at 182, 83 S.Ct. 227; see also Hargett v. Valley Fed. Savings Bank, 60 F.3d 754, 761 (11th Cir.1995).

None of the substantial reasons for denying plaintiff's motion to amend his complaint appear to exist.  Further, plaintiff filed his motion within the time frame set in the Rule 16(b) Scheduling Order (doc. 8).  Moreover, as previously stated,  defendant did not raise any argument in opposition to motion for leave to amend.  Accordingly, because "leave shall be freely given when justice so requires[]" Bryant, 252 F. 3d at 1163, the motion for leave to amend complaint (doc. 19) is **GRANTED**.

**DONE** and **ORDERED** this 2nd day of March, 2009.

      s / Kristi K DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**